**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **ALESHA VANDERHYDE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **HUNTINGTON PRINCIPAL GROUP, LLC.** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ALESHA VANDERHYDE, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, HUNTINGTON PRINCIPAL GROUP, LLC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ALESHA VANDERHYDE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Tracy, County of Marion, State of Iowa.

5. The debt that Plaintiff was allegedly obligated to pay was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure (hereinafter "the Debt").

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. HUNTINGTON PRINCIPAL GROUP, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Iowa. Defendant is registered as a limited liability company in the State of New York.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

13. On or about April 19, 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

14. On or about April 19, 2012, at the time Defendant initiated the telephone call to Plaintiff, Defendant left a voicemail message for Plaintiff in an attempt to collect the Debt.

15. At no time during the course of the voicemail message did Defendant state it was a debt collector, attempting to collect the debt and that any information obtained would be used for that purpose.

16. During the voicemail message, Defendant's duly authorized representative stated she was "contacting [Plaintiff] regarding an Order that was submitted to my office. I need to verify your address for service of process either at your residence or place of employment."

17. During the voicemail message, Defendant's duly authorized representative also stated that charges had been filed against Plaintiff.

18. During the voicemail message, Defendant's duly authorized representative also stated "[a]t this point you have one opportunity to contact the mediation firm to discuss this matter."

19. Defendant then provided Plaintiff with a putative claim number.

20. Defendant further stated "[Plaintiff] this is your civil notification."

21. Defendant then provided a telephone number at which Plaintiff was to contact the "mediation firm."

22. At no time during the course of the voicemail message did Defendant's duly authorized representative provided Plaintiff with information relative to Defendant's identity.

23. Plaintiff heard the contents of the voicemail message left for her by Defendant.

24. Plaintiff only ascertained the voicemail message was left by Defendant as the telephone number Plaintiff was to contact was Defendant's telephone number.

25. The voicemail message Defendant left for Plaintiff was Defendant's initial communication with Plaintiff relative to the Debt.

26. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

27. On or about April 19, 2012, Defendant also initiated a telephone call to Plaintiff's sister in a further attempt to collect the Debt from Plaintiff.

28. At the time Defendant initiated the aforesaid telephone call to Plaintiff's sister, Defendant also left a voicemail message for Plaintiff in a further attempt to collect the Debt from Plaintiff.

29. At the time Defendant left the voicemail message for Plaintiff's sister, Defendant made representations in the voicemail messages that were nearly identical to the contents of the voicemail message Defendant left for Plaintiff, on April 19, 2012, as delineated above.

30. In the voicemail message Defendant left for Plaintiff's sister, Defendant, again, stated that it was attempting to verify Plaintiff's address for service of process.

31. In the voicemail message Defendant left for Plaintiff's sister, Defendant, again, stated that charges had been filed against Plaintiff.

32. At no time during the voicemail message Defendant left for Plaintiff's sister did Defendant state it was calling to confirm or correct location information for Plaintiff.

33. Plaintiff's sister heard the voicemail message Defendant left for Plaintiff.

34. Plaintiff did not consent to Defendant communicating with third-parties.

35. Plaintiff's sister informed Plaintiff of the contents of the voicemail message left for Plaintiff by Defendant.

36. On or about April 19, 2012, Defendant also initiated a telephone call to Plaintiff's friend in a further attempt to collect the Debt from Plaintiff.

37. At the time Defendant initiated the aforesaid telephone call to Plaintiff's friend, Defendant, again, left a voicemail message for Plaintiff in a further attempt to collect the Debt from Plaintiff.

38. At the time Defendant left the voicemail message for Plaintiff's friend, Defendant. again, made representations in the voicemail messages that were nearly identical to the contents of the voicemail message Defendant left for Plaintiff and for Plaintiff's sister, on April 19, 2012, as delineated above.

39. In the voicemail message Defendant left for Plaintiff's friend, Defendant, again, stated that it was attempting to verify Plaintiff's address for service of process.

40. In the voicemail message Defendant left for Plaintiff's friend, Defendant, again, stated that charges had been filed against Plaintiff.

41. At no time during the voicemail message Defendant left for Plaintiff's friend did Defendant state it was calling to confirm or correct location information for Plaintiff.

42. Plaintiff's friend heard the voicemail message Defendant left for Plaintiff.

43. Plaintiff's friend informed Plaintiff of the contents of the voicemail message left for Plaintiff by Defendant.

44. Defendant's conduct in leaving the aforesaid voicemail messages for Plaintiff, her sister and her friend, on the same day, in an attempt to collect the Debt from Plaintiff, was conduct that was abusive and/or harassing.

45. Defendant's conduct in leaving the aforesaid voicemail messages for Plaintiff, her sister and her friend, on the same day, in an attempt to collect the Debt from Plaintiff, was conduct that was unfair and/or unconscionable.

46. Defendant's representations to Plaintiff, in the aforesaid voicemail messages, had the effect of conveying to an unsophisticated consumer that a civil lawsuit had been filed against Plaintiff relative to the Debt.

47. Defendant's representations to Plaintiff, in the aforesaid voicemail messages, had the effect of conveying to an unsophisticated consumer that Defendant would be serving Plaintiff with process as a result of the lawsuit having been filed against Plaintiff.

48. Defendant's representations to Plaintiff that a lawsuit had been filed against her were false, deceptive and/or misleading given at the time Defendant made the representations no lawsuit was filed against Plaintiff relative to the Debt.

49. Defendant's representations to Plaintiff that she was going to be served with process were false, deceptive and/or misleading given at the time Defendant made the representations no lawsuit was filed against Plaintiff relative to the Debt and as a result Defendant was not going to serve Plaintiff with the putative lawsuit filed against her.

50. Defendant's representations to Plaintiff that a lawsuit had been filed against her misrepresented the character, nature and/or legal status of the Debt given at the time Defendant made the representations no lawsuit was filed against Plaintiff relative to the Debt.

51. Defendant's representations to Plaintiff that she was going to be served with process misrepresented the character, nature and/or legal status of the Debt given at the time Defendant made the representations no lawsuit was filed against Plaintiff relative to the Debt and as a result Defendant was not going to serve Plaintiff with the putative lawsuit filed against her.

52. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

53. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt she allegedly owes.

54. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

55. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

56. Defendant's representations to Plaintiff, in the aforesaid voicemail messages, further had the effect of conveying to an unsophisticated consumer that criminal charges had been brought against Plaintiff relative to the Debt.

57. Plaintiff has not engaged in criminal conduct relative to the Debt.

58. Defendant's representations to Plaintiff that charges had been filed against her were false, deceptive and/or misleading given at the time Defendant made the representations no criminal charges had filed against Plaintiff relative to the Debt.

59. Defendant's representations to Plaintiff that charges had been filed against her misrepresented the character, nature and/or legal status of the Debt given at the time Defendant made the representations no criminal charges had been filed against Plaintiff relative to the Debt.

60. Defendant's representations to Plaintiff that criminal charges had been filed against her were statements made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

61. On or about April 23, 2012, Defendant initiated at least three (3) telephone calls to Plaintiff in a further attempt to collect the Debt.

62. On or about April 23, 2012, at the time Defendant initiated the aforesaid telephone calls to Plaintiff, Defendant, again, left a voicemail message for Plaintiff in an attempt to collect the Debt.

63. Again, at no time during the course of the voicemail message did Defendant state it was a debt collector, attempting to collect the debt and that any information obtained would be used for that purpose.

64. During the voicemail message, Defendant's duly authorized representative stated "I have verified both a work and home address to follow through with the service of process. I have already given you ample opportunity to contact the firm handling your claim. At this point you have not chosen to. [Plaintiff], I urge you personally to contact the firm handling your case."

65. During the voicemail message, Defendant's duly authorized representative Defendant then provided Plaintiff with a putative claim number.

66. Defendant then provided Plaintiff with a telephone number at which Plaintiff was to contact the "firm handling [Plaintiff's] charges."

67. Defendant's duly authorized representative ended the voicemail message by stating "[Plaintiff], this is your final and only notification from me prior to approval with your service of process."

68. Again, at no time during the course of the voicemail messages did Defendant's duly authorized representative provide Plaintiff with information relative to Defendant's identity.

69. Plaintiff heard the contents of the voicemail messages left for her by Defendant.

70. Again, Plaintiff only ascertained the voicemail messages were left by Defendant as the telephone number Plaintiff was to contact was Defendant's telephone number.

71. To date, Plaintiff has not been served with process relative to a lawsuit filed against her with respect to the Debt.

72. In its attempts to collect the Debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

b. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

d. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

f. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

g. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

h. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    i. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    j. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    k. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    l. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    m. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

73. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

74. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALESHA VANDERHYDE, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ALESHA VANDERHYDE**

By:   s/ William P. Petsche
      Attorney for Plaintiff

Dated: September 10, 2012

William P. Petsche  (AT0011240)
SMITHMARCO, P.C.
205 N. Michigan Ave., Suite 2940
Chicago, IL 60601
Direct Dial:   (515) 418-9321
Facsimile:    (888) 418-1277
E-Mail:       wpetsche@smithmarco.com